POWER STATE BANK et al. v. TEXAS NOVELTY ADVERTISING CO.

(Court of Civil Appeals of Texas.  Dallas. Nov. 15, 1913.)

1. VENUE (§ 7*)—COUNTY OF RESIDENCE.

Where defendant did not assume to pay the account sued on as his personal debt, but merely agreed with another, who resided in H. county, to pay out of a fund deposited by such other in defendant's bank for the payment of such account by defendant, pursuant to an agreement between them, defendant should be sued in the county of his residence and not in H. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

2. CONTRACTS (§ 189*)—CONSTRUCTION.

Defendant acquired the holdings of the S. bank, and assumed in a limited way the performance of certain of its obligations by an agreement which provided that a part of the purchase price should remain on deposit in defendant's bank to secure the payment of accounts included in the purchase and as a guaranty that the books showed the true condition of such accounts, and that defendant would pay all accounts for stationery, and expenses due from the S. bank and charge the same to the deposit in defendant's bank as a proper charge against the S. bank. *Held*, that an indebtedness which had been contracted by the S. bank for printed matter was not assumed by defendant as his individual indebtedness.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 811–845, 900–902, 905; Dec. Dig. § 189.*]

Appeal from Hill County Court;  J. D. Stephenson, Judge.

Action by the Texas Novelty Advertising Company against the Power State Bank and others.  From a judgment for plaintiff, defendants appeal.  Reversed and remanded.

W. C. Forgy, of Archer City, and R. M. Vaughan, of Hillsboro, for appellants.  F. E. McKee, of Hillsboro, for appellee.

RAINEY, C. J.  This suit was brought by appellee in the justice court of Hill county to recover $166 and interest of appellants on an account contracted by the First State Bank of Archer City, the payment of which is charged to have been assumed by appellants, both of whom are residents of Archer county, Tex.  Appellants filed a plea of privilege to be sued in their own county, which plea was heard by the court and overruled. A trial resulted in favor of appellee as against F. M. Power alone for the amount claimed and in favor of the Power State Bank, from which judgment F. M. Power has appealed.

[1] The court erred in not sustaining the appellants' plea to be sued in his own county. The account sued on was that of appellee, contracted with the First State Bank of Archer City, which was made payable at Hillsboro, Hill county, Tex.  The contract made between F. M. Power and the First State Bank of Archer City, and in so far as related to the issue involved in this controversy, is as shown by agreement to be as follows: "The following portion of the contract of date January 25, 1911, between F. M. Power as party of the first part, and Lon Morris et al. as parties of the second part, whereby the said F. M. Power acquired the holdings of the First State Bank of Archer City, Texas, and in a limited way, assumed the performance of certain obligations of said bank, was offered in evidence, namely: 'Immediately after January 25, 1911, the first party will pay to any and all shareholders of the said bank 50 per cent., or one-half of the value of such stock, provided that the stock certificates are presented and have the amount of such payment indorsed thereon, and the remaining portion of the said purchase price to remain on deposit in the Power State Bank of Archer City, Texas, to secure the payment of all notes and accounts included in said purchase and to secure and guarantee that the books and accounts are correct and show the true condition of such notes and accounts. The first party will renew, extend and carry over any and all notes and accounts received by him in said purchase that may be desired by second party to the first day of January, 1912, but will not renew, extend, or carry over any notes or accounts unless requested so to do in writing by second party, and in doing so will accept such notes and accounts as his own, and second party will be discharged from any liability thereon; and second party will furnish request in writing for such extension or renewals from time to time and at any time demanded. The first party will do and perform any and all things concerning said business including keeping the books and looking after the collecting the notes and accounts, and will use his best endeavors to get any and all of said business and keep it in proper form without charge of any kind against second party; and will institute and defend all suits and foreclosure proceedings that may

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

be demanded by second party—the second party to pay the court costs and attorney's fees thereof, and the first party will not charge any shortage or default against said escrow account before January 1, 1912. The first party will pay the taxes due against second party, and will pay all accounts of stationery and expenses due against second party not to exceed the sum of two hundred dollars, and charge the same to the said escrow account as a proper charge against second party. It is, however, understood and agreed that first party does not assume the payment of said taxes or expenses on his own account, nor does he assume the payment of any money, except such as is shown on the said books of said bank. Also the contract sued on by plaintiff was offered in evidence showing that the First State Bank of Archer City, Texas, on the 12th day of July, A. D. 1910, contracted to pay Texas Novelty Advertising Company for certain printed matter, one hundred sixty-six ($166.-00) dollars, on the 1st day of December, A. D. 1910, at Hillsboro, Hill county, Texas."

[2] It will be seen from said contract that F. M. Power did not individually assume the payment of said indebtedness, nor does the evidence show that the account was shown upon the books of said bank as required by contract, but on the contrary it shows that said account was not shown on said books. There being no individual assumption of said account, the appellant was not liable to be sued in Hill county.

Whether or not there are sufficient funds left of the amount in escrow to pay on said claim, and what the liability of appellant is as trustee of said escrow fund, are the only matters for the court to determine.

The judgment will be reversed, and cause remanded, and the court below is instructed to transfer the cause to justice's precinct No. 1, Archer county, for trial.

The cause is reversed and remanded.